The People of the State of New York, Appellant, v. Charles Nagler, Respondent.

First Department, July 9, 1964.

*Milton M. Stein* of counsel (*H. Richard Uviller* with him on the brief; *Frank S. Hogan, District Attorney*), for appellant.

*Donald Tirschwell* of counsel (*Milton B. Shapiro,* attorney), for respondent.

STEVENS, J. This is an appeal by the People from an order entered May 11, 1964, which amended a judgment of conviction *nunc pro tunc* as of July 26, 1963, so as to allow defendant-respondent (defendant) credit for a period of incarceration in prison in Paris, France, while awaiting extradition on a charge of which he was subsequently convicted.

March 20, 1961, defendant fled the jurisdiction. April 17, 1961, a warrant was issued for his arrest on charges of forgery and grand larceny. February 5, 1962, defendant was arrested in Paris and remained incarcerated until his extradition in July, 1962.

After his conviction upon a plea of guilty, and later sentence, defendant moved for an order pursuant to section 2193 of the

Penal Law for clarification of such statute and for credit for the time spent in prison in France. It is from the granting of such motion and the order amending the judgment *nunc pro tunc* that this appeal is taken.

Two questions are posed by this appeal: (1) may the court amend its own judgment under the circumstances as they exist here; (2) should the defendant be allowed credit for the extradition time.

Generally speaking, whether the judgment be of acquittal or conviction (Code Crim. Pro., § 442), fine (*id.*, §§ 483, 484), suspended sentence or suspension of execution of sentence or imprisonment (Penal Law, § 2188; Code Crim. Pro., §§ 470-a, 471; *People ex rel. Woodin* v. *Ottaway,* 247 N. Y. 493), it represents the official judicial decision or disposition of the criminal proceeding. While the court has power to remit a fine (Code Crim. Pro., § 484), no such power of sentence alteration ordinarily exists where the sentence is, as here, one of imprisonment. " [T]he imprisonment directed by the judgment, shall not be suspended or interrupted after such imprisonment shall have commenced " (Penal Law, § 2188; Code Crim. Pro., § 470-a). " [T]he term of imprisonment of each prisoner shall begin on the date of his or her actual incarceration in a state prison or penitentiary " (Correction Law, § 231).

Notwithstanding the language of section 2188, it is clear the court has inherent power to correct its own mistakes, and set aside its own judgment in the field where *coram nobis* is utilized when such judgment is due to error and is procured by fraud or misrepresentation (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19), where the prosecutor knowingly used perjured testimony (*Matter of Morhous* v. *New York Supreme Ct.,* 293 N. Y. 131) or certain constitutional right violated which are not in the record to be cured by appeal (*Matter of Bojinoff* v. *People,* 299 N. Y. 145; *Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1; *People* v. *Kendricks,* 300 N. Y. 544). Such errors are errors of fact which are not apparent on the face of the record so that they could be cured by appeal, and such facts have not been adjudicated because they were unknown. If the court were without power to correct the judgment, the errors and such inability could constitute a violation of due process or result in rank injustice (cf. *People* v. *Meshel,* 245 App. Div. 673).

In the case before us, since a failure to allow credit for extradition time was not an error of fact affecting the judgment, nor was it in violation of a constitutional right, the court was without power to amend the judgment.

If it be concluded the defendant is entitled to credit for the extradition time, the fact that an improper procedure or method of redress was ,adopted would not preclude this court from granting relief.

Section 2193 of the Penal Law upon which defendant premised his application, provided in part:* " 1. Any time spent by a person heretofore or hereafter convicted of a crime in a state institution for defective delinquents or insane criminals, * * * prison or jail prior to his conviction and before sentence has been pronounced upon him, shall become and be calculated as a part of the term of the sentence imposed upon him * * * and such time shall, in addition to the discretionary deduction allowed under the provisions of the correction law, be deducted from the term of the sentence so imposed, under the provisions of article nine of the correction law."

By chapter 734 of .the Laws of 1957, effective July 1, 1957, provision was made for allowance of time spent " in a state institution for defective delinquents or insane criminals ", and by chapter 149 of the Laws of 1958, effective March 10, 1958, the section was further amended to include persons " heretofore or hereafter " convicted of crime, etc. Chapter 711 of the Laws of 1960 extended the coverage of time spent to that spent in a " county or city psychiatric institution." Thus, it is clear the scope of section 2193 has been steadily broadened to permit credit for detention or incarceration when such confinement is predicated upon the charge for which conviction is later had and sentence imposed. (See *People ex rel. Kern* v. *McDonnell,* 137 N. Y. S. 2d 149.) " [T]he time spent in jail prior to conviction must, at least, bear an intimate and substantial relationship to the crime for which such person is subsequently convicted " (*Matter of Bernoff* v. *Amoroso,* 188 Misc. 845, 847).

" The term, ' prison,' * * * means any place designated by law for the keeping of persons held in custody under process of law, or under lawful arrest." " The term, ' prisoner,' * * * means any person held in custody under process of law, or under lawful arrest." (Penal Law, § 1690; *People ex rel.*

---

* This section was amended by chapter 361 of the Laws of 1964, effective April 3, 1964 and provides in part: " 1. * * * Whenever any person arrested or apprehended on any charge shall be confined for any period of time, in connection with the charge upon which he was arrested or apprehended, in a * * * prison, jail or other custody, and such person shall be convicted of and sentenced to imprisonment for such charge, such time from the date of arrest or apprehension to the date the term of imprisonment commences shall become and be calculated as a part of the term of the sentence imposed upon him ".

*Cohalan* v. *Warden of City Prison,* 96 N. Y. S. 2d 749.) In neither definition does the limiting term "state" appear, the reference apparently being only to time spent in prison or jail "upon the charge of the crime for which the conviction in question was had." (Cf. *People* v. *Kowalsky,* 2 A D 2d 938, affd. 2 N Y 2d 949.)

A fugitive from justice detained in prison in another State or territory of the United States by reason of being charged with the commission of a crime in a sister State is held in custody under process of law (U. S. Const., art. IV, § 2, subd. 2; N. Y. Code Crim. Pro., §§ 827–859). And if the subject be detained in a foreign country by reason of a treaty stipulation he is similarly held in custody under process of law (cf. U. S. Const., art. IV, § 2, subd. 2) and by reason of a legal arrest.

In *People ex rel. Cohalan* v. *Warden of City Prison* (96 N. Y. S. 2d 749, *supra*) credit was allowed for a 10-day period of time spent by a defendant in a Puerto Rican prison. (But, see, *People ex rel. Leibowitz* v. *La Vallee* [17 A D 2d 887], where time was not allowed to parolee when he had been arraigned as a fugitive from justice from New Jersey, and not for parole violation; and *People ex rel. Rainone* v. *Murphy* [1 N Y 2d 367] where time was allowed when the State Parole Board, after having relator arrested and charged as a parole violator, delivered him to Federal authorities where he was tried, convicted, sentenced and served such sentence before being returned to the custody of the parole authorities.)

While it would have been better had the Legislature in its wisdom clearly expressed its view as to detention in foreign countries of New York fugitives from justice, the broadness and scope of the language of section 2193 obviously does not exclude foreign detention. We conclude defendant is entitled to credit for the so-called extradition time.

Section 2193 of the Penal Law declares the duty of the officer required by law to indorse upon the commitment papers the length of time to be deducted from the sentence (cf. Code Crim. Pro., § 487). The proper procedure to have obtained credit for such time would seem to have been an article 78 proceeding (CPLR 7801 *et seq.*) against the Commissioner of Correction (cf. *Matter of Bernoff* v. *Amoroso,* 188 Misc. 845, *supra*) or person charged with the duty of correctly calculating and noting the time to be credited (*Matter of Donohue* v. *Brown,* 3 Misc 2d 969; *Matter of Browne* v. *New York State Bd. of Parole,* 25 Misc 2d 1050, affd. 12 A D 2d 800).

However, since this court is convinced that defendant should be credited with the time served in custody in France, it need

not relegate defendant to a separate and independent proceeding before such relief may be afforded. The facts not being disputed, the motion will be treated as a proper application for the relief sought.

Accordingly, the order appealed from should be reversed on the law and the judgment reinstated. The matter is remanded with directions to the sentencing Judge to join or permit joinder of such parties, if any, as may be necessary for appropriate relief, and to direct that the commitment papers be amended to grant credit in accordance with this opinion.

BREITEL, J. P., RABIN, VALENTE and STALEY, JJ., concur.

Order entered on May 11, 1964 unanimously reversed on the law and the judgment reinstated. The matter is remanded with directions to the sentencing Judge to join or permit joinder of such parties, if any, as may be necessary for appropriate relief, and to direct that the commitment papers be amended to grant credit in accordance with the opinion herein of STEVENS, J.