THE PEOPLE *ex rel.* FANNIE BRADLEY, Petitioner-Appellee, *v.* MAXINE DAVIES *et al.*, Respondents-Appellants.

(No. 12212;

Fourth District—March 14, 1974.

William J. Scott, Attorney General, of Chicago (James B. Zagel and Thomas E. Holum, Assistant Attorneys General, and John A. O'Malley, Senior Law Student, of counsel), for appellants.

John L. Barton, of Marseilles, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

In March 1971, the defendant Fannie Bradley was apprehended in Lake County, Indiana, by reason of Illinois process. She was wanted for an offense committed in Will County, Illinois. She was confined for 89 days in Lake County, Indiana. She was thereafter returned to Illinois, tried and convicted for the offense upon which she was being held, and sentenced to an indeterminate term of 5 to 15 years.

Petitioner filed a petition for writ of mandamus in the circuit court of Livingston County to credit her sentence with the time spent in the Indiana institution pursuant to the provisions of Illinois Revised Statutes 1971, chapter 38, ¶ 119—3. Ultimately, the circuit court of Livingston County granted the writ, holding that the petitioner was entitled to the credit. This appeal is from that order. We affirm.

The relevant statutory provision is as follows:

> "A person sentenced to imprisonment in a State penal or reformatory institution, or any other jail or penal institution in this State, or committed to the custody of the Attorney General of the United States, who is thereafter confined in any jail or other State penal or reformatory institution because of such sentence shall be credited on such sentence with the time during which he was so confined. Such confinement shall also be counted on good conduct diminution of sentence credit under such regulations as may be provided by the Department of Corrections or other agency concerned. The period of time during which any person was confined to answer to a charge which results in a sentence imposed on or after July 1, 1965 requiring such person to be imprisoned in a penitentiary or reformatory or any other penal institution of the State or of any of its political subdivisions prior to pronouncement of such sentence shall be credited on such sentence, and shall be counted on good conduct diminution of sentence credit under such regulations as may be provided by the Department of Corrections.  *  *  *" (Ill. Rev. Stat. 1971, ch. 38, ¶ 119—3.)

In construing this section, the trial court concluded by analogy to the court's reasoning in *People ex rel. Carroll v. Frye,* 35 Ill.2d 604, 221 N.E.2d 262; *People ex rel. Herring v. Woods,* 37 Ill.2d 435, 226 N.E.2d 594; and *People v. Bryarly,* 23 Ill.2d 313, 178 N.E.2d 326, that the legislative purpose set forth in the statute was to provide equal punishment for persons whose guilt was equal.

■■ The operative language of this statute provides that the period of time during which any person was confined to answer to a charge which results in a sentence shall be credited on such sentence. The credit is not limited to a period of time confined in an Illinois penitentiary nor in an Illinois jail.

The contention of the State that we should construe the statute so as to deny sentence credit for imprisonment outside of Illinois so as to discourage flight from Illinois and to encourage consent to extradition and to protect the State's right to punish violations of its law is unpersuasive. To so construe the statute would be to get a result deemed desirable by the State as distinguished from a result in keeping with the intention of

the legislature. Furthermore, to so construe the statute giving credit for confinement in Illinois while being held on a charge, and to deny credit for confinement in another state while being held upon the same charge, would amount to playing brinkmanship with serious equal protection problems.

In 24B C.J.S. *Criminal Law* § 1995(5), it is noted that the right to credit under a statute providing for credit is not limited to time spent in prison or jail in a particular jurisdiction but extends to time spent in other jurisdictions. Support for that statement can also be found in an annotation at 18 A.L.R.2d 511, and the later case service supplement thereto. See also *People v. Harvey*, 11 Mich. App. 69, 160 N.W.2d 629.

■■ In this connection, we note that the new Code of Corrections explicitly provides for sentence credit for time spent in custody as a result of the offense for which the sentence was imposed. (Ill. Rev. Stat. 1973, ch. 38, ¶ 1005—8—7(b).) This language clearly makes no distinction between intrastate custody or custody in any other jurisdiction, but only conditions the credit upon the fact of custody as a result of the offense for which the sentence was imposed. While the new Code of Corrections was not applicable as of the date of this offense, it of course is dispositive of this issue in the future. We need not determine the applicability of the Code to the sentence here imposed which was prior to the effective date of the Code, for in our view the result is the same.

The judgment of the circuit court of Livingston County was correct and that judgment is affirmed.

Affirmed.

TRAPP, P. J., and SIMKINS, J., concur.