19912

The STATE, Respondent, v. Charles Raymond DOZIER, Appellant.

(210 S. E. (2d) 225)

268

*Messrs. Bailey and Bailey,* of Summerville, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Robert M. Ariail, Asst. Atty. Gen.,* and *Joseph R. Barker, Staff Atty.,* of Columbia, *for Respondent,*

November 25, 1974.

Moss, Chief Justice:

At the 1973 November Term of the Court of General Sessions for Dorchester County, Charles Raymond Dozier, the appellant herein, and Robert Henry Lanier and Joseph Omie Berry were indicted and charged with assault and battery with intent to kill, carrying an unlawful weapon, housebreaking and grand larceny. Lanier and Berry entered pleas of guilty to housebreaking and grand larceny. The appellant was tried before the Honorable W. L. Rhodes, Jr., presiding judge, and a jury, and such resulted in a conviction on all of the aforementioned charges. The appellant prosecutes this appeal from his conviction and sentence.

The first question posed by the appellant is that the trial judge erred in denying his motion for a directed verdict as to the charge of grand larceny, the basis thereof being that the State failed to produce evidence which tended to prove that the value of the stolen goods was in excess of $50.00.

In considering this question, we are bound by the rule that the trial judge is concerned with the existence or nonexistence of evidence and not with its weight. It was the duty of the trial judge here to submit the case to the jury, because there was evidence which reasonably tended to prove that the value of the goods stolen was at least in the amount of $50.00. This being true, there was no error on the part of the trial judge in refusing to direct a verdict in favor of the appellant on the ground asserted.

It appears from the record that Robert Henry Lanier and Joseph Omie Berry, codefendants with the appellant, pled guilty to housebreaking and grand larceny and were sen-

tenced to serve a three year term of imprisonment. The appellant following his conviction for housebreaking and grand larceny, was sentenced to serve a five year term of imprisonment.

The appellant alleges that the trial judge committed error in sentencing him to imprisonment for a term of five years for housebreaking and grand larceny when his codefendants, charged with the same offenses, were sentenced to terms of only three years each.

The crime of housebreaking is punishable by imprisonment for a term not exceeding five years. Section 16-332 of the Code. Grand larceny, a felony, is punishable by imprisonment for a period of not less than three months nor more than ten years. Section 17-552 of the Code. The sentence of the appellant to a term of five years was within the statutory limits.

This Court has repeatedly held that it has no jurisdiction on appeal to correct a sentence alleged to be excessive when it is within the limits prescribed by statute. The most recent expression of this rule was in *State v. Cunningham,* 253 S. C. 388, 171 S. E. (2d) 159. In this connection, the appellant concedes that our decision in the cited cases would have to be reversed or modified in order to grant appellant any relief from his sentence. We granted the appellant the right to argue against the decision in the cited case, but we adhere to the rule therein announced. We did say in *State v. Johnson,* 159 S. C. 165, 156 S. E. 353, that the length of a prison sentence rests in the sound discretion of the trial court, in absence of partiality, prejudice, oppression or corrupt motive. The record here provides no showing in this respect. Prior to sentence, the trial judge made diligent inquiry as to the degree of participation of the appellant and his codefendants in the crime and also the background of each. The trial judge reached the conclusion from his inquiry that the appellant was the "prime movement" in the crime of which he was convicted and to which his codefendants pled guilty. He thus reached the conclusion

that the codefendants were not tainted with the same degree of guilt as was the appellant. This explains the apparent disparity in the sentences. There was no error on the part of the trial judge, who clearly acted within his discretion, in imposing a greater sentence on the appellant than he did on the codefendants.

The final question presented is whether the trial judge erred in refusing to give the appellant credit on his sentence for the time spent in a prison in Georgia while contesting extradition to South Carolina.

The appellant was arrested in the State of Georgia for several offenses allegedly committed in that State. It is stipulated on this appeal that he was cleared of all Georgia charges on November 9, 1972. A detainer from Dorchester County had been placed against the appellant sometime prior thereto, and he was unable to obtain his release on bond, which was subsequently set for him. The appellant contested extradition until July 13, 1973, when he waived such and was brought to Dorchester County for trial upon the charges heretofore named. After his conviction, the trial judge gave him credit for pre-sentence jail time spent in Dorchester County, dating from July 13, 1973, but refused him credit for the period of time he spent in a Georgia jail, until he was brought into South Carolina, a period of 244 days.

In the case of *State v. Sanders,* 251 S. C. 431, 163 S. E. (2d) 220, we held that no statute exists requiring the trial judge to give a prisoner credit for time sent in custody prior to trial, and in the absence of such statute, the rule is that a prisoner is not entitled as a matter of right to credit for his pre-sentence jail time. The foregoing ruling was made in conformity with Section 55-11 of the Code, as it then provided. By an act approved April 6, 1973, 58 Stats. 181, the General Assembly amended Section 55-11 of the Code, by adding the following:

"In every case in computing the time served by a prisoner, full credit against the sentence shall be given for time served

prior to trial and sentencing. *Provided,* however, that credit for time served prior to trial and sentencing shall not be given: (1) when the prisoner at the time he was imprisoned prior to trial was an escapee from another penal institution; or (2) when the prisoner is serving a sentence for one offense and is awaiting trial and sentence for a second offense in which case he shall not receive credit for time served prior to trial in a reduction of his sentence for the second offense."

Until the enactment of the amendment above quoted, a prisoner was not entitled as a matter of right to credit for his pre-sentence jail time. Our statute now provides that in "every case" a prisoner shall be given credit against his sentence for time served prior to trial and sentencing.

The question, therefore, is whether Section 55-11, as amended, should be applied where the pretrial confinement, which was not within the State of South Carolina, was due to a lawful South Carolina detainer. The general rule on this issue is stated in 24B C. J. S. Criminal Law § 1995(5), at page 645, as follows:

"* * * the right to credit under the statute is not limited to the time spent in prison or jail in a jurisdiction, but also includes the time spent in jail in another jurisdiction, in which he was apprehended, preliminary to being sent back for trial, and time during which he was arrested or detained in connection with the offense for which he was subsequently tried."

In the case of *Commonwealth ex rel. Bleecher v. Rundle,* 207 Pa. Super. 443, 217 A. (2d) 772, a Pennsylvania case, the court had occasion to consider a statute similar in import to our statute, and upon facts somewhat similar to those in the instant case, held that the defendant was entitled to out of state jail time credit served while contesting extradition.

It is our conclusion that the appellant was entitled to credit for the pre-conviction jail time spent in the State of Georgia, but such should be reckoned only

from April 6, 1973, this being the date when the statute was amended, so as to provide that a defendant be given credit on his sentence for pre-conviction jail time.

The judgment of the lower court as modified herein is affirmed.

LEWIS and LITTLEJOHN, JJ., concur.

BUSSEY and BRAILSFORD, JJ., concur and dissent.

BRAILSFORD, Justice (concurring and dissenting):

I agree that appellant's conviction should be affirmed and that the record does not establish that the trial judge erred in imposing a longer sentence on him for grand larceny than that imposed on his two co-defendants for the same offense. I also agree that Act No. 146 of 1973, approved April 6, 1973, under the facts of this case,[1] requires that appellant be given credit, in the computation of time served against the sentences imposed upon him, for pre-trial jail time spent in Georgia as well as for that spent in South Carolina. However, I respectfully dissent from the limitation on the credit for jail time which the opinion of the Chief Justice imposes.

The 1973 amendment requires that "in computing the time served by a prisoner, full credit against the sentence shall be given for time served prior to trial and sentencing." The statute bears upon the computation by penal authorities of time served on a sentence, rather than upon the terms of the sentence imposed by the court. The right to credit flows from the statute and need not be expressed in the sentence. Here, however, the sentence inappropriately provides credit for jail time from July 13, 1973 (date of transfer to South Carolina), only, impliedly negating any right to credit for time spent in Georgia under the South Carolina detainer. The opinion of the Chief Justice modifies the sentence by providing credit for Georgia jail time from April 6, 1973,

---

[1] It is stipulated that appellant's detention in Georgia from November 9, 1972, to July 13, 1973, was due solely to a detainer from Dorchester County on the charges for which he was tried in the court below.

the date of the approval of the Act, rather than from November 9, 1972, the stipulated beginning date of confinement under the Dorchester County detainer. This limitation is apparently on the theory that to apply the statute according to its plain language would be to give it prohibited retroactive effect. I respectfully disagree. The amendment became effective before the sentence was imposed or its service commenced. Hence, the computation of time to be served is controlled by the prospective application of the terms of the statute. By its terms, appellant will be entitled to full credit against the sentence for time served prior to trial, which, according to the stipulation, commenced November 9, 1972. In my view, it is immaterial that appellant's pretrial jail time commenced before the effective date of the statute.

I would modify the sentence accordingly.

BUSSEY, J., concurs.