EDWARDS, Judge.
Joseph Vernon Foster, Jr., plaintiff-appellant, filed suit against the Louisiana Department of Corrections in an attempt to win good-time credits for pre-trial time served in jail. The Department filed a peremptory exception of no cause of action which was maintained by the trial court. Plaintiff has appealed. We affirm.
The particular circumstances surrounding plaintiff’s present incarceration are unclear save for the fact that he has been in the Department’s custody since 1973. The bases for appeal, as presented by plaintiff, who has represented himself, are twofold. First, plaintiff contends that the Department of Corrections must allow good-time credits for pre-trial time actually served in jail. Second, and as a consequence of the Department’s failure to permit such good-time credits, plaintiff argues that his Fourteenth Amendment right to equal protection of the laws has been violated. A review of the present Constitutional and statutory law forces us to disagree.
In Louisiana, a prisoner’s eligibility to earn good-time credits is controlled by LSA-R.S. 15:571.3(B) which provides:
“Every inmate in the custody of the Department of Corrections who has been convicted of a felony and sentenced to imprisonment for a stated number of years or months may earn a diminution of sentence by good behavior and performance of work or self improvement activities or both to be known as ‘good time’. Those inmates serving life sentences will be credited with good time earned which will be applied toward diminution of their sentences at such time as the life sentences might be commuted to a specific number of years. The director of corrections shall establish procedures for awarding and recording of good time and shall determine when good time has been earned toward diminution of sentence. The amount of diminution of sentence allowed shall be as otherwise provided by law.”
The key phrase is “inmate in the custody of the Department of Corrections who has been convicted of a felony . . . .” Clearly, R.S. 15:571.3(B) does not allow good-time to be earned prior to conviction.
The jurisprudence supports this position. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), held that the United States Constitution does not guarantee good-time credit for satisfactory behavior in prison and that such credits are state matters. See also Paprskar v. Estelle, 566 F.2d 1277 (5th Cir. 1978), cert. denied 439 U.S. 843, 99 S.Ct. 136, 58 L.Ed.2d 142 (1978).
In McCormick v. Hunt, 328 So.2d 140 (1976), the Louisiana Supreme Court found neither a statutory nor a Constitutional basis for requiring pre-trial good-time credits.
In McGinnis v. Royster, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973), the United States Supreme Court found that a New York statute virtually identical to the Louisiana law at issue did not violate prisoners’ rights.
Plaintiff-appellant’s reliance on Pruett v. State of Texas, 470 F.2d 1182 (5th Cir. 1973) is mistaken. In that case, the Texas practice of denying good-time to a defendant who had been sentenced and incarcerated but who was appealing was found unlawful because it infringed on the basic right of appeal. The court narrowly defined its holding by stating:
“we emphasize that the holding is limited to the unique situation concerning the lack of finality of convictions pending appeal which obtains in Texas . . .”
Plaintiff urges that if good-time is not available to pre-trial detainees unable to make bail, their equal protection rights will be violated.
This line of reasoning is analogous to the rejected argument that bail is excessive simply because one cannot pay it.
Bail exists to:
*988 “insure the presence of the defendant, having regard to the nature and circumstances of the offense charged, the weight of the evidence against him, the financial ability of the defendant to give bail and the character of the defendant.” Hodgdon v. U. S., 365 F.2d 679 (8th Cir. 1966), cert. denied 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676 (1967).
Thus, the test for excessiveness of bail is whether it has been fixed higher than reasonably calculated to insure the defendant’s appearance. As stated by the court in U. S. v. Radford, 361 F.2d 777 (4th Cir. 1966), cert. denied 385 U.S. 877, 87 S.Ct. 158, 17 L.Ed.2d 105 (1966):
“The mere financial inability of the defendant to post an amount otherwise meeting the aforesaid standard does not automatically indicate excessiveness. The purpose for bail cannot in all instances be served by only accommodating the defendant’s pocketbook and his desire to be free pending possible conviction.”
See also V. S. v. Wright, 483 F.2d 1068 (4th Cir. 1973); Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951).
For the foregoing reasons, the trial court judgment is affirmed at plain tiff-appellant’s cost.
AFFIRMED.