**STATE of Tennessee et al., Appellant,**

v.

**Donald ABBOTT, Appellee.**

Court of Criminal Appeals of Tennessee.

Jan. 27, 1981.

Permission to Appeal Denied by Supreme Court on April 13, 1981.

William M. Leech, Jr., Atty. Gen., Nashville, John C. Zimmermann, Asst. Atty. Gen., Nashville, for appellant.

Pat Newton, Asst. Public Defender, Nashville, Susan L. Kay, Asst. Public Defender, Nashville, for appellee.

OPINION

O'BRIEN, Judge.

This case is before us on appeal by the State from an order of the Criminal Court of Davidson County crediting the appellee in this case with sixty-eight (68) days jail time on a sentence adjudged in the Shelby County Criminal Court in Case No. 45438–9 in which Abbott had been sentenced to ten (10) years in prison on the 23rd of April, 1975 for the offense of armed robbery.

The case is before us on a stipulation of facts. In July, 1976 Abbott escaped from

the Tennessee State Penitentiary where he was serving the sentence on the Shelby County judgment previously mentioned. He was apprehended and placed in jail on another charge in Deadwood, South Dakota on July 2, 1977. At that time it was ascertained there was an outstanding warrant charging him as a fugitive from the Tennessee State Penitentiary. Tennessee authorities were notified and requested he be held pending extradition. On July 8, 1977 a fugitive arrest warrant was filed against him. On July 15, 1977 Mr. Abbott filed a petition for writ of habeas corpus in the Lawrence County, South Dakota, Circuit Court. On July 20, 1977 a requisition issued from the Governor of Tennessee requesting Abbott's return to the Tennessee authorities as an escapee from confinement under the "Uniform Criminal Extradition Act", T.C.A. § 40-1001-1035. On August 29, 1977, the Governor of South Dakota issued a rendition warrant releasing custody of Abbott to the State of Tennessee, and a hearing was held on the petition for the writ of habeas corpus. On September 7, 1977 the writ was denied by the judge of the Lawrence County Circuit Court.

On December 27, 1977 appellee filed a document styled as a petition for writ of mandamus in the trial court. For some reason, not disclosed in this record, no action was taken on the matter in the Davidson County Circuit Court until October 15, 1979. The cause finally came on for disposition before the judge of Division V of that court on March 28, 1980. The trial judge ruled that whether the action was considered to be an action for a peremptory writ of mandamus, a suit for injunctive relief, or a petition for writ of habeas corpus, the petitioner should be credited with the time he spent incarcerated in the Deadwood, South Dakota jail. He directed the prison authorities to credit petitioner with sixty-eight (68) days additional jail time on his ten (10) year armed robbery sentence. The order did not reflect the court's reasoning in granting the writ. We are unofficially informed that defendant is presently at large on parole from his armed robbery sentence.

We overrule and reverse the ruling of the trial court. Defendant cites *Stubbs v. State*, 393 S.W.2d 150, 154, 216 Tenn. 567, 576, (1965), as authority for the statement that the award of jail time credit is mandatory. *Stubbs*, as well as the other cases cited by defendant, can be distinguished from the case before us. *Stubbs* had been previously tried, convicted, and had served part of a ninety-nine (99) year sentence when his conviction was set aside and a new trial ordered. The *Stubbs* court ruled he was entitled to any accrued jail or penitentiary time served prior to his second conviction. *Marsh v. Henderson*, 424 S.W.2d 193, 221 Tenn. 42 (1968), stands for the principle that a person committed to a mental institution because he was incompetent to stand trial was entitled to credit for time spent in the mental institutions on a subsequent sentence received for the offense on which he had been charged. In each of the other cases from other jurisdictions cited by defendant credit was given to the defendants involved for time served in another jurisdiction while resisting extradition. However, in each case, they were given credit for time served prior to their trial and conviction.

The key to this case is that defendant was a fugitive from justice for the crime of escape in the State of Tennessee. The extradition proceedings which he resisted in the State of South Dakota were based on his escape from confinement in the penitentiary where he had been committed after his conviction for a prior felony. This was a matter which had been concluded. There was no further action required on the part of the State except to retain defendant in confinement for the prescribed length of time set forth in his judgment of conviction, subject to the statutes and regulations pertaining to good and honor time, parole, etc. The defendant committed a new offense. He escaped from the penitentiary. He was a fugitive from justice from the State of Tennessee for that reason. The requisition to have him returned to the State of Tennessee was for the purpose of charging him with that offense. The fact that he was

required to serve the remainder of his previous sentence was incidental. The fact that he has not been charged or indicted for his escape is not material to the original purpose of his extradition. Since he has not been charged or indicted for that offense we are not called upon to determine whether or not he might be entitled to credit for jail time served in the South Dakota Jail for the period of time he was committed pending a possible arraignment and trial for the offense of escape.

We hold that T.C.A. § 40–3102 does not make a statutory requirement that a defendant is entitled to credit on his sentence on a previous conviction where he has accrued jail time in a foreign jurisdiction resisting extradition to the State of Tennessee as a fugitive from justice for escape under the circumstances existing in this case. Nor, is there any constitutional violation. The United States District Court for the Middle District of Tennessee in Civil Action No. 6681, *John Henry Pernell v. James H. Rose, Warden,* has essentially sustained this Court in the case of *John Henry Pernell v. State,* No. 283, Hamilton County, (Tenn.Cr.App.1972), to the effect that a credit for incarceration while resisting extradition is not constitutionally required. The judgment of the District Court was affirmed by the Sixth Circuit Court of Appeals, 486 F.2d 301, (6th Cir. 1973), with cert. denied by the United States Supreme Court, 415 U.S. 985, 94 S.Ct. 1581, 39 L.Ed.2d 882 (1974).

The order of the trial court granting petitioner credit for sixty-eight (68) days jail time is revoked. The case is reversed and remanded for appropriate action in accordance with this opinion.

DAUGHTREY and SCOTT, JJ., concur.