Stephen Curtis PATINO, Petitioner
and Appellant,

v.

STATE of South Dakota, Respondent
and Appellee.

No. 13879.

Supreme Court of South Dakota.

Considered on Briefs Feb. 16, 1983.

Decided April 6, 1983.

Ralph C. Hoggatt, Deadwood, for petitioner and appellant.

Jeffrey P. Hallem, Asst. Atty. Gen., Mark V. Meierhenry, Atty. Gen., on brief, Pierre, for respondent and appellee.

DUNN, Justice.

This is an appeal from an order of the trial court denying Stephen Curtis Patino (appellant) post-conviction relief pursuant to SDCL 23A–34. We affirm.

On January 3, 1981, appellant was arrested in California; having fled this state after allegedly committing several felonies. According to appellant's testimony, no bail proceedings were initiated and no bond was set for his release while he was in California. Extradition proceedings proved successful and appellant was subsequently returned to South Dakota and incarcerated in the Lawrence County Jail on April 17, 1981,

and remained there until he was transferred to the South Dakota State Penitentiary.

Once in South Dakota, appellant was determined to be indigent and received court-appointed counsel to represent him throughout the judicial proceedings. Appellant pleaded not guilty to the crimes of forgery, third-degree burglary and grand theft. Appellant was subsequently charged as a habitual offender.

Subsequently, a plea bargain was reached between appellant's counsel and the State and a change of plea hearing took place on May 29, 1981. Prior to this hearing, appellant read and signed both the change of plea and plea agreement documents. At the hearing, appellant was also verbally apprised of the terms of the plea bargain.

The plea agreement stated that appellant agreed to plead guilty to grand theft pursuant to SDCL 22–30A–1 and in exchange the remaining two counts and the habitual offender charge would be dropped. The State also agreed to refrain from making any recommendation regarding sentence and agreed that, in the event incarceration in the state penitentiary was imposed, the State would recommend appellant be transferred and incarcerated in a facility other than the penitentiary in Sioux Falls, South Dakota.

On June 22, 1981, a sentencing hearing took place at which the trial court accepted the plea agreement and sentenced appellant to ten years in the state penitentiary. The trial court recommended that incarceration be transferred to a facility other than the state penitentiary. Appellant was also granted credit for the time spent in the Lawrence County Jail.

Appellant sought post-conviction relief from the trial court on a number of theories. Appellant's request for relief was denied by the trial court in an order dated June 21, 1982. Appellant now appeals the order.

■ Appellant first contends the trial court erred in denying him credit for time spent while incarcerated in California. In *State v. Lohnes,* 266 N.W.2d 109, 113 (S.D.

1978), this court stated that "the Fourteenth Amendment equal protection clause requires that credit be given for all presentence custody which results from indigency." Here, appellant received credit for time served in South Dakota due to his indigent status. Appellant has not, however, established indigence to be the cause of his incarceration in California. In fact, no opportunity to determine appellant's status apparently took place since appellant testified that bail proceedings were not had and bond was never set while he was incarcerated in California. As we noted in *State v. Roth,* 84 S.D. 44, 166 N.W.2d 564 (1969), the burden of establishing a basis for post-conviction relief rests upon the petitioner. Since appellant has not established his indigent status while incarcerated in California, credit for the time served there was not warranted under the holding in *Lohnes.*

■ Aside from indigence, there is no constitutional requirement that requires crediting of presentence incarceration under other circumstances. *Matthews v. Dees,* 579 F.2d 929 (5th Cir.1978); *Lewis v. Cardwell,* 609 F.2d 926 (9th Cir.1979); *Pernell v. Rose,* 486 F.2d 301 (6th Cir.1973) *cert. denied,* 415 U.S. 985, 94 S.Ct. 1581, 39 L.Ed.2d 882 (1974); *State v. Abbott,* 617 S.W.2d 172 (Tenn.Cr.App.1981). While we acknowledge that some courts have concluded that their state statutes require the granting of credit "as a matter of right" for all time served prior to trial and sentencing, *People ex rel. Bradley v. Davies,* 17 Ill. App.3d 920, 309 N.E.2d 82 (1974); *People v. Havey,* 11 Mich.App. 69, 160 N.W.2d 629 (1968); *People v. Nagler,* 21 A.D.2d 490, 251 N.Y.S.2d 107 (1964); *State v. Dozier,* 263 S.C. 267, 210 S.E.2d 225 (1974), we find no similar state statutory authority in South Dakota. Thus, we conclude the trial court had no constitutional or statutory duty to grant appellant credit for presentence incarceration served in another jurisdiction.

■ Appellant next contends the trial court modified the terms of the plea agreement and then failed to allow appellant the opportunity to withdraw the plea pursuant to SDCL 23A–7–11. Essentially, appellant

believes he was originally guaranteed placement in a penitentiary other than the one in Sioux Falls and at the change of plea hearing the trial court changed the "guarantee" to a "recommendation." Appellant is currently incarcerated at the South Dakota State Penitentiary despite the trial court's recommendation for a transfer.

A review of the record makes it readily apparent that an alternative place of incarceration was not "guaranteed." Appellant's counsel specifically advised his client that the judge could only "recommend" alternate incarceration facilities. Moreover, the change of plea agreement specifically states the alternative place of incarceration would be recommended and not guaranteed. We find appellant's contention that the trial court modified the plea agreement to be wholly without merit.

■ Finally, appellant contends the denial of good-time credit for presentence incarceration served outside the state penitentiary is a denial of an indigent's Fourteenth Amendment right to equal protection under the laws. Good-time credit is governed by SDCL 24–5–1 and ARSD 17:50:07. The regulations do not provide for good-time credit for presentence incarceration served by inmates and appellant alleges this omission is a violation of his equal protection rights. We cannot agree.

The United States Supreme Court in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), concluded that the United States Constitution does not guarantee good-time credit for satisfactory behavior in prison and that such credits are state matters. The precise issue of good-time credits for presentence incarceration, was addressed in *Foster v. Louisiana Dept. of Corrections,* 382 So.2d 986 (La.App.1980). There, the court, relying on *Wolff,* specifically held that denial of good-time credit for presentence incarceration does not violate a prisoner's equal protection rights. We agree with that court's holding, and

thus reject appellant's equal protection theory.

We have addressed the remaining issues and find them to be without merit.

The order is affirmed.

WOLLMAN, MORGAN and HENDERSON, JJ., concur.

FOSHEIM, C.J., dissents.

FOSHEIM, Chief Justice (dissenting).

The majority affirms the order denying post-conviction relief without reference to the findings of fact and conclusions of law.

Appellant raises two issues upon which the post-conviction relief court made no findings or conclusions: 1) whether he should get good time towards parole for the time he served as an indigent prior to incarceration in the penitentiary; and 2) whether the Warden must attempt to implement the sentencing judge's transfer recommendation.

If the post-conviction relief court does not make findings and conclusions on all issues raised by appellant, we have nothing to review. Our standard of review is whether those findings are clearly erroneous and whether they support the conclusions of law. *Graham v. State,* 328 N.W.2d 254 (S.D.1982); *Gregory v. State,* 325 N.W.2d 297 (S.D.1982); *Spirit Track v. State,* 272 N.W.2d 803 (S.D.1978); SDCL 23A–34–18; SDCL 15–6–52(a). Before this court can decide whether to affirm the order denying post-conviction relief, we must remand directing the post-conviction relief court to enter findings of fact and conclusions of law on these issues.