LOTTINGER, Judge.
This is a suit by a prisoner in the custody of the Louisiana Department of Corrections at St. Gabriel Woman’s Prison seeking credit for “good time" served in fulfillment of her sentence, and for release from the custody of the Department of Corrections.
The facts in this case are not in dispute. The petitioner, Jan Clement, was arrested and charged under two separate cases in Jefferson Parish, Louisiana. On July 29, 1980, Ms. Clement was arrested on the first charge. She was immediately bonded out-of jail, and remained free until November 26, 1981, at which time she was arrested for the second charge. Ms. Clement has been in prison since the date of this second arrest.
On December 18, 1981, Ms. Clement pled guilty to the first charge and was sentenced to two and one-half years in the Department of Corrections, with credit for time served since November 26, 1981. For reasons which are not clear, Ms. Clement was not brought to court on the second charge until January 20, 1983, at which time she pled guilty and was sentenced to two and one-half years to the Department of Corrections. She was given credit for time served since November 26, 1981, and this sentence was to run concurrent with the sentence for the first charge.
Ms. Clement was credited by the Department of Corrections on the first sentence with all appropriate jail credits, and began earning “good time” credit from the date of sentencing. As to the second sentence, Ms. Clement was given credit for time *493 served since November 26, 1981, but was granted “good time” credit by the Department only for the time served after the date of sentencing. It is the failure to earn “good time” credit for the time served pri- or to the sentencing date for the second charge that prompted this suit.
The trial court, in accordance with a recommendation from a Commissioner of the 19th Judicial District Court, granted Ms. Clement the relief sought and ordered that the Department grant her “good time” credit on the second sentence for time served since November 26, 1981. The Department has appealed this ruling contending that “good time” credit cannot be earned until a sentence is imposed and a prisoner begins serving his time.
In imposing the sentence on the second conviction, the sentencing judge stated that Ms. Clement was to be given credit for time served since November 26, 1981, and that the sentence was to run concurrent with the sentence for the first conviction. Concurrent is defined as “running together” or “contemporaneous.” Black’s Law Dictionary (5th Ed.1979). By providing that the second sentence was to run concurrent with the first, the trial judge obviously intended that the two sentences would be served together and end at the same time. The sentencing judge was under no duty to render the sentences concurrent, and had discretion to render consecutive sentences. La.Code Crim.P. art. 883. By choosing concurrent, rather than consecutive sentences, the sentencing judge intended that Ms. Clement be given “good time” credit for time served since November 26,1981, and that both sentences would terminate on the same date. The nature of concurrent sentences convinces us that there is no other conclusion, and that the trial judge was not erroneous.
The present case, involving concurrent sentences and credit for time served, must be distinguished from a case in which a defendant is only granted credit for time served prior to imposition of the sentence. Under Code Crim.P. art. 880, a prisoner is automatically entitled to the latter. However, a prisoner is not entitled to earn “good time” credit for serving this pre-con-viction time. Foster v. Louisiana Department of Corrections, 382 So.2d 986 (La.App. 1st Cir.1980). The present case, involves two concurrent sentences which were served and ended at the same time. In such a case, the defendant is entitled to “good time” credit for time served prior to sentencing, as the defendant is actually serving his sentence concurrent with that of the other charge, and the sentences run contemporaneously.
Therefore, for the above reasons,. the judge of the trial court is affirmed, and the appellant, Department of Corrections, is assessed for all costs in the amount of $262.-92.
AFFIRMED.