OPINION OF THE COURT
Leona Freedman, J.
The defendant Johnny Molero appears before this court for a hearing on a violation of probation, pursuant to CPL 410.70 (1). Defendant, on November 4, 1982, was sentenced to three years’ probation. A condition of defendant’s probation — indeed, a condition of all sentences of probation — was that the defendant lead a law-abiding life during the three-year period of probation. Subsequent to the sentence probation, the defendant was arrested and pleaded guilty in Bronx Criminal Court to the crime of attempted criminal possession of a controlled substance, seventh degree.
The People of the State of New York, by the Office of Probation, now apply to this court for an order revoking the November 4, 1982 sentence of probation because the defendant has been convicted of a crime committed after he was placed on probation and, thus, allegedly violated the above condition of probation.
A hearing, as mandated by CPL 410.70, commenced before me on November 7, 1985. At that hearing the defendant testified that he was not advised by his attorney during the Bronx County case that pleading guilty to the Bronx case would violate his New York County sentence of probation. In response to my question from the Bench, the defendant admitted that he knew that the guilty plea might violate probation *331 but that his attorney did not advise him of that fact. The transcript of that proceeding has not been shown to this court.
Defense counsel requests that this court ignore the Bronx County conviction or, in the alternative, that defendant be granted an adjournment in order to move in the Bronx County to vacate that guilty plea. Counsel argues that defendant’s constitutional right to effective counsel was violated in that:
1) his attorney failed to advise him that pleading guilty in the Bronx might violate his New York County sentence of probation; and
2) his attorney had a conflict of interest in that he represented several codefendants in this case. The issue before this court is whether the defendant can challenge in this court the Bronx County conviction.
Defense counsel argues that this court should view the defendant at a violation of probation hearing as it would a multiple felony offender appearing at a second violent felony offender hearing. A defendant at a second violent felony offender hearing "may challenge the constitutional validity of a prior felony conviction * * * upon the ground of inadequate representation of assigned counsel”. (People v Wilkes, 30 AD2d 563 [2d Dept 1968].) Such a challenge is authorized by statute. CPL 400.15 (7) (b) reads, in relevant part, "A previous conviction in this or any other jurisdiction which was obtained in violation of the rights of the defendant under the applicable provisions of the constitution of the United States must not be counted in determining whether the defendant has been subjected to a predicate violent felony conviction. The defendant may, at any time during the course of the hearing hereunder controvert an allegation with respect to such conviction in the statement on the grounds that the conviction was unconstitutionally obtained.”
Here lies the flaw in counsel’s argument. There is no statutory authority — or case law, for that matter — which would permit the defendant to challenge the underlying Bronx County conviction in this court, in a violation of probation hearing. Additionally, there is no statutory authority for this court to ignore that conviction.
A motion to set aside a conviction obtained in violation of a defendant’s constitutional rights — previously known under common law as a writ of error coram nobis — must be made in the court in which the judgment was rendered (People v *332 McCullough, 300 NY 107, 110 [1949]; see also, People v Nagler, 21 AD2d 490 [1st Dept 1964]).
CPL 440.30 (1), the current statute in effect, provides: "At any time after the entry of a judgment, the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law.” (Emphasis supplied.) Under the statute, this court is not authorized to set aside the Bronx County conviction. If defendant wishes to challenge the validity of that conviction, he must do so in . the Bronx Criminal Court.
Defendant’s application for an adjournment is granted. CPL 410.70 (2) provides that "upon request, the court must grant a reasonable adjournment to the defendant to enable him to prepare for the hearing.” Although I feel that defense counsel has had ample time to make a motion in the Bronx County to withdraw the guilty plea, I do not wish to penalize the defendant for his attorney’s delay. To deny this application would deprive the defendant of the opportunity to protect his right to assert a constitutional deprivation. (See, People v Oskroba, 305 NY 113 [1953].)
I direct that counsel move forthwith in the Bronx County for the relief it seeks. This hearing is adjourned until December 30. 1985 in AP-17.