Stephen PATINO, Appellant,

v.

STATE OF SOUTH DAKOTA, County of Lawrence, County of Minnehaha, City of Sioux Falls, City of Deadwood, William Janklow, Former Governor, Lawrence County Sheriff, Charles Crotty, Two Unnamed Officers, Officer Novak, Unnamed Officer, Herman Solem, Warden, SDSP, Roger Tellinghuisen, Former Lawrence County Deputy State's Attorney, Jeffery Bloomberg, Court–Appointed Attorney and Roy E. Brandenburg, Former Eighth Circuit Judge, Appellees.

No. 87–5512.

United States Court of Appeals, Eighth Circuit.

Submitted March 3, 1988.

Decided July 19, 1988.

Stephen Patino, pro se.

Jeff Bloomberg, Deadwood, S.D., Thomas H. Barnes, Rapid City, S.D. and Roger Tellinghuisen, Pierre, S.D., for appellees.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Stephen Patino appeals from the district court's [1] dismissal without prejudice of his two 42 U.S.C. § 1983 complaints based on an alleged unlawful extradition. We affirm.

In 1981 Patino was arrested, held, and arraigned in California as a fugitive from the State of South Dakota based on a complaint filed by South Dakota deputy state's attorney Roger Tellinghuisen. Patino alleged that while in the California jail he filed papers declaring his indigency, that bail was set, but that he was unable to make his bail due to his indigency. Patino refused to waive extradition and subsequently the extradition papers were filed by state's attorney Craig Grotenhouse, and signed by South Dakota Governor William Janklow on January 22, 1981. The warrant commissioned Lawrence County sheriff

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

Charles Crotty as the person to whom Patino would be delivered upon arrest.

Patino alleged that on March 2, 1981, he was arraigned in California pursuant to the warrant; that on April 2, 1981, the thirty-day period of the Governor's warrant expired; and that on April 8, 1981, the California court ordered his release from jail. He further alleged that on April 16, 1981, while he was still in custody, and pursuant to the expired governor's warrant he was unlawfully and forcefully taken from California to the Lawrence County jail in Deadwood, South Dakota, by unidentified Lawrence County officials who were not duly appointed agents of South Dakota.

In Lawrence County, Jeffery Bloomberg was appointed as Patino's counsel. Patino alleged that he complained of his extradition to Bloomberg and to Lawrence County officials but no action was taken. On June 22, 1981, Patino entered a guilty plea to the charges which had formed the basis of the extradition warrant, and Judge Roy F. Brandenburg sentenced him to ten years confinement. Seventy days of Patino's Lawrence County jail time was credited to his sentence. However, the one hundred and four days of his California jail time were not applied to his sentence. Patino is currently serving his sentence in the South Dakota State Penitentiary in Sioux Falls.

Listed as defendants in Patino's complaints were the State of South Dakota; the South Dakota counties of Lawrence and Minnehaha; the South Dakota cities of Sioux Falls and Deadwood; former Governor Janklow; Sheriff Crotty; "two unknown named Lawrence County law enforcement officials (transported plaintiff to Sioux Falls, S.D.)"; "officer Novak and unknown named law enforcement official, law enforcement officials, Deadwood, South Dakota"; South Dakota prison warden Herman Solem; the Lawrence county state's attorneys; his court-appointed attorney Bloomberg; and state circuit Judge Brandenburg.

Patino sought a declaratory judgment as to his rights, an injunction prohibiting the defendants from violating his constitutional rights, an order that the State of South Dakota apply his California presentence jail time to his current sentence, and money damages.

Because the two complaints essentially stated the same cause of action, the district court consolidated them in its memorandum opinion and order. Initially, the court held that Patino's request for an injunction to prevent the defendants from executing an improper extradition against him was moot. The district court concluded, however, that Patino's complaint, liberally construed, had stated a section 1983 cause of action against the two unknown officers who, allegedly, unlawfully and forcefully transported Patino from California to South Dakota. However, the court found that the complaint failed to state a claim against any of the listed and named defendants.

The court ruled that (1) the State, Tellinghuisen, Grotenhouse, and Judge Brandenburg were immune from damages; (2) the cities of Sioux Falls and Deadwood were not liable because Patino had not pleaded facts showing an unconstitutional custom or policy; (3) a claim had not been stated against Bloomberg because he was not a state actor; and (4) the facts, as pleaded, did not show that the "unknown named" Lawrence County officers, Janklow, Solem, Crotty, and officer Novak were personally involved with the incident.

On appeal Patino argues that he did state a claim against the defendants by identifying officer Novak and another "unknown named" officer as the two law enforcement officers responsible for taking him from California, and by alleging overt participation of the other defendants in depriving him of his rights. He claims for the first time on appeal that the defendants engaged in a conspiracy. Alternatively, if there was a technical deficiency in his claims, Patino asserts that he should have been allowed to amend his complaint.

*Brown v. Nutsch,* 619 F.2d 758 (8th Cir. 1980), holds that allegations by a prisoner that he was forcibly seized and transported from a holding state to the demanding state by police officers in violation of the extradition clause and federal extradition

**1120**

statute state a cognizable section 1983 cause of action. *Id.* at 764; *But cf. Beachem v. Attorney Gen. of Mo.*, 808 F.2d 1303, 1304 (8th Cir.1987) (per curiam) (subsequent guilty plea waives alleged extradition constitutional violations for habeas corpus relief).

 Nonetheless, we agree with the district court that in the present case Patino did not clearly identify any of the three listed "unknown named" Lawrence County officers or officer Novak as the parties responsible for the alleged extradition violation. Thus, we affirm the district court's dismissal without prejudice of this aspect of the complaint. We have carefully reviewed the district court's order as to the remaining parties and find no error.[2]

 Finally, Patino failed to state a section 1983 claim based on his California jail time. Patino had previously sought in state court to have his California jail time applied to his current sentence. *Patino v. South Dakota*, 331 N.W.2d 837 (S.D.1983). The South Dakota Supreme Court ruled that there was no state statutory authority which required that a prisoner's presentence time be applied to his current sentence. The court recognized that the federal Constitution required application of the time if the presentence confinement was the result of an indigent being unable to make bail. *Id.; see also King v. Wyrick*, 516 F.2d 321, 323 (8th Cir.1975). In Patino's case, however, the court found that Patino had not shown that bail had ever been set in California. *Patino*, 331 N.W.2d at 838. Thus, there was no proof of indigency precluding bail, and consequently the federal requirements of due process were not applicable.

 Application of presentence jail time to a subsequent sentence is legislative grace and not a constitutional guarantee. *Lewis v. Cardwell*, 609 F.2d 926, 928 (9th

Cir.1979). Federal courts must construe state law as interpreted by the highest court of that state. *O'Brien v. Skinner*, 414 U.S. 524, 531, 94 S.Ct. 740, 743–44, 38 L.Ed.2d 702 (1974). Additionally, in federal court the factual findings of a state court should be presumed correct unless clearly erroneous. *Martin v. McCotter*, 796 F.2d 813, 817 (5th Cir.1986), *cert. denied,* — U.S. ——, 107 S.Ct. 935, 93 L.Ed.2d 985 (1987).

Accordingly, the judgment of the district court is affirmed in its entirety.

---

2. Appellees Bloomberg and Lawrence County did not file cross appeals in this case. Consequently, their arguments which seek to modify and alter the district court's order are not properly before this court. *See Chambers v. Omaha Girls Club, Inc.*, 834 F.2d 697, 701 n. 13 (8th Cir.1987) (cross appeal is required when appel-

lee seeks to modify or alter the district court's judgment); *cf. Wycoff v. Menke*, 773 F.2d 983, 985 (8th Cir.1985) (no cross appeal necessary when appellee seeks to sustain a district court in its entirety on grounds other than those relied on below), *cert. denied,* 475 U.S. 1028, 106 S.Ct. 1230, 89 L.Ed.2d 339 (1986).