■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LUCILLE ROBINSON, Appellant, v WARDEN, NEW YORK CITY CORRECTIONAL INSTITUTION FOR WOMEN, Respondent.—Judgment of the Supreme Court, Bronx County (Cioffi, J.), entered March 9, 1977 which dismissed relator's writ of habeas corpus, unanimously affirmed, without costs and without disbursements. We are of the opinion that the seven months during which relator was confined to a Drug Abuse Control Commission (DACC) facility as a condition of probation for a class A misdemeanor, may not be credited against the definite sentence of one year which relator received on her plea of guilty to a charge of violation of probation resulting from her arrest on a charge of grand larceny following her release from DACC. Relator argues that to permit the one-year sentence to stand without credit for the seven-month period she served in DACC requires her to spend almost two years in prison, and in fact constitutes "double jeopardy". Under subdivision 3 of section 70.30 of the Penal Law, "The term of a definite sentence * * * shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence." Relator's confinement in DACC was simply a term of probation. It was not time "spent in custody * * * as a result of the charge that culminated in the sentence." In the initial court proceeding, relator pleaded guilty to a class A misdemeanor for which she could have received a one-year sentence, or if sentenced directly to a DACC facility, a 36-month term (see Penal Law, § 65.00, subd 3, par [d]). The court, however, imposed a three-year period of probation, which required relator to undergo treatment as an inpatient in a drug facility pursuant to sections 60.03 and 65.00 of the Penal Law. A probation term differs from a prison term in that it is intended to afford a sentencing court an opportunity to determine whether its confidence is misplaced (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 65.15, subd 1). The period of time spent at the DACC facility was a condition of, and part of, the sentence of her probation. If relator's present condition were to be adopted, a defendant sentenced on a misdemeanor to a three-year term of probation on condition that he spend one year in a drug facility, and does so, would be free thereafter to violate with impunity the terms of his probation for the remaining two years. This construction would defeat the rehabilitative goals designed to be achieved by probation (People v Chiominto, 86 Misc 2d 1096) and "would do violence to the statutory structure

which provides for a three-year probation term". *(People v Johnson,* 43 AD2d 878, 879.) In the factual posture of this case the one-year sentence was the result of a new charge, i.e., violation of probation (and not the original offense). Accordingly, defendant's claim of "double jeopardy" must fall. Concur—Birns, J. P., Silverman, Evans, Lane and Yesawich, JJ.