**STATE of South Dakota, Plaintiff and Respondent,**

v.

**David A. DAMMER, Defendant and Appellant.**

**No. 12800.**

Supreme Court of South Dakota.

Submitted on Briefs Jan. 21, 1980.

Decided April 9, 1980.

Dennis R. Holmes, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

David R. Nelson, Sioux Falls, for defendant and appellant.

WOLLMAN, Chief Justice.

Appellant appeals from an order of the trial court revoking his probation. We affirm.

Appellant pled guilty in 1977 to a charge of issuing insufficient funds checks in excess of one hundred dollars within a thirty-day period, a violation of SDCL 22–41–1.1. The trial court, the Honorable Richard Braithwaite presiding, suspended the sentence and placed appellant on probation for eighteen months. Among the conditions of probation were the requirements that appellant make restitution to the state's attorney for all checks left unpaid and that he obey all laws. Appellant's probation was later extended for an additional six months on the condition that he pay $125.00 per month to the court for probation costs and restitution still owing. In February of 1979 the state asked the trial court to revoke appellant's probation, alleging that appellant had failed to make monthly payments required by the order of probation, had a felony charge pending against him in Minnehaha County, and had pled guilty to a "no account" check charge in the State of Wyoming. A revocation hearing was held before Judge Braithwaite, who revoked appellant's probation.

Appellant contends that he was denied the neutral, detached hearing officer guaranteed him by the holdings in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), inasmuch as Judge Braithwaite had had such extensive contact with appel-

lant at the sentencing and revocation hearings that he could not have remained detached, disinterested, and impartial as required by the *Morrissey* and *Gagnon* decisions. We do not agree. In *State v. Elder,* 77 S.D. 540, 95 N.W.2d 592 (1959), this court stated that ordinarily sentence should be imposed by the judge before whom the conviction was had. Nothing in the *Morrissey* or *Gagnon* decisions persuades us that that general rule is now constitutionally suspect. Appellant's bald assertion that it was impossible for Judge Braithwaite to be a disinterested party within the meaning of the due process clause finds no support in the record. Appellant cites no authority in support of the proposition that a sentencing judge's post-sentence contacts with a probationer disqualify the sentencing judge from determining whether probation should be revoked and the original sentence executed. In the absence of some clear command from the United States Supreme Court that sentencing judges are ipso facto disqualified from subsequently revoking orders of probation, we will not indulge in such an unwarranted assumption. Certainly our trial judges should be clothed with the same presumption of objectivity that the United States Supreme Court extended to parole boards in the *Morrissey* case. Accordingly, we hold that appellant's attack upon Judge Braithwaite's participation in the revocation proceedings is without merit.

■ Appellant contends that the trial court erred in admitting into evidence a certified copy of the Wyoming judgment on the no account check charge. SDCL 19–17–2 provides that:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to a document bearing a seal purporting to be that of the United States, or of any state, district, commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

The judgment in question bears the seal of the District Court of Wyoming, Natrona County, together with the signature of a Deputy Clerk of the District Court certifying the document as a true copy. We conclude that this authentication is sufficient to support the admissibility of the document under our rules of evidence. Moreover, the Court in the *Morrissey* case indicated that parole revocation procedures "should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." 408 U.S. at 489, 92 S.Ct. at 2604, 33 L.Ed.2d at 499. We alluded to this aspect of the *Morrissey* holding in *State v. Lohnes,* 266 N.W.2d 109 (S.D.1978). Appellant's contention that the Wyoming judgment lacked adequate foundation is therefore without merit.

■ Finally, appellant contends that the trial court erred in permitting the state to introduce evidence regarding appellant's numerous debts. Assuming that this evidence was of only tangential relevance to the question whether appellant's probation should be revoked, we are satisfied that the error, if any, in receiving this evidence was harmless. The record clearly establishes the fact of appellant's failure to comply with the items of the order requiring him to make certain restitution payments and of his conviction of a crime in Wyoming. There is no indication in the record that the trial court placed any reliance whatsoever on the evidence of appellant's civil indebtedness in making the decision to revoke his probation.

The order revoking appellant's probation is affirmed.

All the Justices concur.