**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Ricky GRAYCEK, Defendant and Appellant.**

**No. 13909.**

Supreme Court of South Dakota.

Considered on Briefs May 23, 1983.

Decided June 29, 1983.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Daniel R. Moen of McNeary & Moen, Aberdeen, for defendant and appellant.

HENDERSON, Justice.

This action involves a criminal appeal. Appellant Ricky Graycek (Graycek) was arrested on February 23, 1982, for grand theft. Subsequently, bond was set at $5,000.00 and Graycek's request for court-appointed counsel was denied. Graycek was unable to post bond and he appeared pro se in magistrate court on March 4 and 18, 1982. Graycek filed another application for court-appointed counsel on March 18, whereupon counsel was granted. A preliminary hearing was conducted on March 25, 1982, with informations for grand theft and habitual offender filed thereafter. A jury trial was held on July 13 and 14, 1982, culminating in a guilty verdict against Graycek on the grand theft charge. On July 14, 1982, Graycek was sentenced to 18 months in the State Penitentiary. Notice of appeal was filed on August 23, 1982. We affirm.

Events of the evening of February 22, 1982, are the focus herein. At 10:15 p.m., Officer Douglas Nelson drove Graycek from the Refuge Lounge just outside of Webster, South Dakota, and dropped him off at 10:30 p.m. in an alley behind the Westwood Inn in Webster. At 11:15 p.m., Officer Nelson observed a 1965 red two-ton Chevrolet truck with a defective taillight. This vehicle failed to stop for a stop sign in Webster and Officer Nelson began pursuit. Although Officer Nelson operated his vehicle's siren and flashing lights, the truck failed to pull over. Officer Nelson pulled along side of the truck. Flashing a spotlight in the truck's cab, Officer Nelson recognized Graycek as the vehicle's operator. Suddenly, the truck swerved in front of Officer Nelson's vehicle and skidded to a halt. Graycek fled the scene on foot. Via an arrest warrant, Graycek was arrested at his apartment early in the morning of February 23, 1983.

At trial, Graycek admitted he took the truck but contended he did not have the requisite intent and therefore the court lacked venue. The jury found Graycek

guilty and he was sentenced to 18 months in the State Penitentiary.

There are two issues posed by this appeal: (1) Was proper venue established in Day County, South Dakota, and (2) Did the trial court properly credit Graycek for pretrial incarceration due to indigency? We now discuss these issues.

Although he did not testify at trial, Mr. John J. Koenig, the owner of the truck in question, testified at Graycek's preliminary hearing that his son Jack Koenig had parked the truck in the parking lot of the Catholic church on the morning of February 22, 1982. The preliminary hearing court concluded: "There is no question in the evidence that the offense probably occurred in Day County, both by reference to the city limits of the City of Webster and other testimony concerning landmarks well known within the community." With this background, the parties entered into a stipulation, detailed below, and neither Mr. Koenig nor his son were called at trial.

Graycek's defense was based entirely on his claimed intoxication removing the requisite criminal intent. At the close of the evidence and prior to closing argument, Graycek moved to dismiss or for judgment of acquittal due to a lack of jurisdiction claiming that no evidence had been secured as from where the truck was taken. On this venue issue, the trial court interpreted the stipulation between the parties as sufficient to show the truck was asportated from Day County, South Dakota. Thus, the case was submitted to the jury.

The stipulation between the parties provided the truck was: (1) over $200.00 in value; (2) owned by a man from Webster, South Dakota; and (3) Graycek took the truck without permission. In addition to the stipulation, evidence at trial established: (1) Officer Nelson began pursuit of the truck in Webster, South Dakota; (2) Officer Nelson saw Graycek in Webster, South Dakota, 45 minutes prior to the pursuit; (3) the truck was stopped in Day County, South Dakota; and (4) Graycek was arrested in Day County, South Dakota.

At the close of evidence, Graycek failed to object to the settlement of the jury instructions and did not offer a separate instruction on venue. Therefore, on appeal to this Court, we are unable to now consider any objections Graycek may have to the jury instructions. *State v. Barr*, 89 S.D. 280, 232 N.W.2d 257 (1975).

Venue, not being an integral part of a criminal offense, does not affect the question of the guilt or innocence of the accused. *State v. Rasch*, 70 S.D. 517, 19 N.W.2d 339 (1945). When the venue to be established is that of a *county* in South Dakota, rather than statewide venue, proof by a preponderance of the evidence is sufficient. *State v. Greene*, 86 S.D. 177, 192 N.W.2d 712 (1971). An absence of direct proof of venue will not defeat a conviction where venue is properly inferable from the evidence. *State v. Wood*, 77 S.D. 120, 86 N.W.2d 530 (1957). A law enforcement officer's familiarity with county boundaries is competent evidence on the issue of venue. *State v. Hemmenway*, 80 S.D. 153, 120 N.W.2d 561 (1963). Courts may take judicial notice of which county towns and cities are located in. *State v. Brewer*, 266 N.W.2d 560 (S.D.1978). We hold, by a preponderance of the evidence, venue in Day County was properly inferable below. Graycek was in Day County, South Dakota, immediately prior to, during, and after the truck chase.

We now treat the sentencing issue. At sentencing, the trial court informed Graycek that he would have been sentenced to 30 months in prison had it not been for Graycek's presentence incarceration. The trial court then proceeded to sentence Graycek to 18 months in prison without any credit therefrom for presentence incarceration. We have been called upon to judge the validity of this procedure.

It is clear that in non-life sentence settings, credit must be given for all presentence custody resulting from indigency. *Patino v. State*, 331 N.W.2d 837 (S.D.1983); *State v. Cody*, 323 N.W.2d 863 (S.D.1982); *State v. Lohnes*, 266 N.W.2d 109 (S.D.1978). Graycek had indigent status from March 18, 1982, when his application for court-appointed counsel was approved. Thus, Gray-

cek was entitled to credit for presentence incarceration thereafter, which arose from his indigency. The trial court stated:

So the Court would decide that an appropriate sentence for this type of thing would be two and a half years. However, since you have five months in the County Jail, and considering the smallness of the jails and what you've already gone through, I'm going to give you a year's credit against two and a half years. And rather than give you the two and a half-year sentence, I'm just going to make you understand that's what I intended to give you. And then I'm going to cut it to eighteen months in the State Penitentiary without any credit for the County Jail.

In other words, *you're getting credit* by my reducing what I would have normally have given you if you had not been in jail. (Emphasis supplied.)

We therefore hold that the trial court correctly took full cognizance of Graycek's presentence incarceration and provided him a liberal credit.

Affirmed.

All the Justices concur.