STATE of South Dakota, Plaintiff
and Appellee,

v.

Jason Allan GREEN, Defendant
and Appellant.

Nos. 18464, 18465.

Supreme Court of South Dakota.

Considered on Briefs March 24, 1994.

Decided Nov. 23, 1994.

Mark Barnett, Atty. Gen., Scott Bogue, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Julie Irvine and Rhonda Lockwood of Minnehaha County Public Defender's Office, Sioux Falls, for defendant and appellant.

AMUNDSON, Justice.

Jason Allan Green ("Green") appeals from an order denying his motion to correct illegal sentence. We affirm in part and reverse in part.

## FACTS

Green was arrested and jailed on charges of possession of marijuana and possession of controlled substances. Subsequently, he pleaded guilty to one count of possession of a

controlled substance and failure to appear. This appeal involves a question of the circumstances under which an indigent defendant is entitled to credit for pre-sentence incarceration. The chronology of events in this case is particularly significant.

On September 17, 1992, Green was jailed on the drug charges. That same day he applied for, and received, court-appointed counsel, and bond was set at $10,000 cash. Bond was subsequently reduced to a personal recognizance ("PR") bond. The PR bond was issued on September 25, 1992 and Green was released that day after serving eight days in jail. He was later arraigned and a plea agreement was reached.

Green did not appear at the plea hearing scheduled for November 25, 1992. Consequently, his PR bond was revoked and replaced with a $100,000 cash-only bond, and a bench warrant was issued for his arrest.

On January 21, 1993, Green was arrested and jailed in Denver, Colorado. On February 25, 1993, he was returned to South Dakota and the bench warrant return was filed that same day. He was unable to post bond and remained in jail through May 31, 1993. On June 1, 1993,* Green was sentenced on the possession charge to not less than six nor more than 60 months, with credit for the eight days previously served (the time between his arrest on September 17, 1992 and his release on PR bond on September 25, 1992). He was sentenced on the failure to appear charge for not less than 12 nor more than 54 months, with no credit for time served. The two sentences were to run concurrently.

On July 26, 1993, Green moved to correct an illegal sentence. He argued that he was entitled to credit for all of his presentence incarceration because he is indigent as established by his inability to post bond and the appointment by the court of counsel. Green's motion to correct illegal sentence was denied.

He then filed an affidavit of indigency, requesting the court appoint counsel to represent him on appeal. The trial court granted Green's request and this appeal followed.

### ISSUE

WAS GREEN DENIED EQUAL PROTECTION BY THE FAILURE TO GIVE HIM CREDIT FOR PRESENTENCE INCARCERATION?

Green argues that his indigency requires that he be given credit on both convictions for his presentence incarceration from January 21, 1993 (the date he was arrested in Denver) through June 1, 1993 (the date he was sentenced). While Green is entitled to credit for a portion of the time he served prior to sentencing, he is not entitled to the entire 130 days as he argues.

 "[T]he Fourteenth Amendment equal protection clause requires that credit be given for all presentence custody which results from indigency." *Patino v. State,* 331 N.W.2d 837, 838 (S.D.1983), quoting *State v. Lohnes,* 266 N.W.2d 109, 113 (S.D.1978). This rule applies in all cases involving sentences of less than life. *State v. Graycek,* 335 N.W.2d 572 (S.D.1983). The appointment of counsel is sufficient to establish a defendant as indigent prior to sentencing, and such indigency dates from the time the court approves an application for court-appointed counsel. *Graycek,* 335 N.W.2d at 574–75; *State v. Tibbetts,* 333 N.W.2d 440, 441 (S.D.1983). In addition, the inability of defendant to post bail while awaiting trial is also an indication of presentence indigency. *Tibbetts,* 333 N.W.2d at 441.

In this case, Green's application for court-appointed counsel was approved on September 17, 1992. He was unable to post the original bond set on that date of $10,000 and was unable to post the $100,000 cash-only bond set after he failed to appear. The trial court granted credit for time served for only the 8 days he was jailed before the PR bond was issued on September 24, 1992.

 Green contends that he is entitled to credit for the entire 130–day time period of

---

* Pursuant to Green's request, the sentencing was delayed until June 1, 1993 so that he could complete a treatment program.

January 21, 1993 through June 1, 1993. During this time, he was jailed in Colorado for 34 days (from January 21 through February 24). He was jailed in South Dakota for 96 days (from February 25 through June 1, 1993). Green has not established indigence to be the cause of his incarceration in Colorado. In fact, there is no evidence in the record indicating the basis for Green's arrest in Colorado, whether he made any appearances in Colorado courts, or whether bail proceedings were had or bond was set while he was incarcerated in Colorado. As we noted in *State v. Roth*, 84 S.D. 44, 166 N.W.2d 564 (1969), the burden of establishing a basis for post-conviction relief rests upon the petitioner. Since Green has not established his indigent status while incarcerated in Colorado, credit for the time served there was not warranted under the holdings in *Lohnes* and *Patino*.

█ Aside from indigence, there is no constitutional requirement that presentence incarceration be credited against the sentence imposed under any other circumstances. *Patino*, 331 N.W.2d at 838 (citation omitted). Thus, the trial court had no constitutional or statutory duty to grant Green credit for presentence incarceration served in another jurisdiction, and he is not entitled to credit for the 34 days he was incarcerated in Colorado (from January 21 through February 24).

█ However, a separate analysis regarding Green's presentence incarceration in South Dakota from February 25 through June 1 reveals that he is entitled to credit for this 96–day period of presentence jail time. When Green's bail was previously set at $100,000 cash, he was unable to post bail. As indicated in *Tibbetts*, inability of a defendant to post bail which results in presentence incarceration establishes indigency which entitles defendant to credit for the jail time served before he is sentenced. 333 N.W.2d at 441. He also continued to be represented by court-appointed counsel, the other indicia of indigency. *See Graycek*, 335 N.W.2d at 574–75. Accordingly, Green is entitled to

credit for the 96 days served in South Dakota prior to being sentenced.

Affirmed in part, and reversed in part.

MILLER, C.J., and WUEST and SABERS, JJ., concur.

HENDERSON, Retired Justice, a member of the Court when this action was submitted, concurs in part and dissents in part.

KONENKAMP, J., not having been a member of the Court at the time this action was submitted, did not participate.

HENDERSON, Retired Justice (concurring in part, dissenting in part).

Although I concur in the reversal of the failure of the trial court to grant Green 96 days credit for the time being jailed in South Dakota (from February 25 through May 31, 1993), I dissent to the majority opinion denying him credit for 34 days he was jailed in Colorado (from January 21 through February 24, 1993). As an indigent, presentence confinement must be applied toward a diminution of sentence.

The prevention of inequality at law is the lynch-pin rationale to prevent indigents from suffering incarceration. *Accord* U.S. Const. amend. XIV, § 1 (Equal Protection Clause); *Klimas v. State*, 75 Wis.2d 244, 249 N.W.2d 285 (1977).

When Green was jailed in September 1992, *he was declared indigent and received court-appointed counsel.* Eight days later, he was released on his own recognizance. He failed to appear at his next proceeding. Police later found Green jailed in Denver, Colorado, where he remained from January 21 until February 25, 1993. The record herein reveals no information concerning Green's arrest or incarceration there. Bond had previously been set for $100,000 cash in South Dakota. He remained under $100,000 cash bond in South Dakota while in Colorado. As the record is silent on additional charges for which he was being held, it is only reasonable to conclude that he was simply awaiting transport to South Dakota.

Green was returned to South Dakota immediately following his February 25 release in Colorado. *He again received court-ap-*

*pointed counsel.* The record reflects he was earning $600 per month which was entirely consumed by rent ($250) with food and minor supplies for everyday living totalling $350 per month.

This helps explain why in both September of 1992 and February of 1993, Green could not post a $100,000 cash (only) bond; nor could he post a $10,000 cash (only) bond *or* a surety bond because he did not have cash or assets to post a bond. He was indigent on both occasions. If he was indigent in September and then again *less than six months later,* reason dictates he had to have been indigent within that time window. Nothing suggests otherwise. This Court should follow the mandate it established in *State v. Lohnes,* 266 N.W.2d 109, 113 (S.D.1978): The Equal Protection Clause requires credit for time served when an indigent person is incarcerated. Thus, the sentence should be amended and Green should be given credit for all presentence incarceration. *State v. Graycek,* 335 N.W.2d 572 (S.D.1983).

Liberty is a precious right. It is simply freedom from all restraints *except those which are justly imposed by law.* Remember, in grade school, reading about debtor's "gaols" in England?