#27593-rem-GAS

**2016 S.D. 40**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

JAY ALAN AINSWORTH,                       Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
BUTTE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE MICHAEL W. DAY
Judge

* * * *

MARTY J. JACKLEY
Attorney General

JOHN STROHMAN
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                                             and appellee.

TIMOTHY J. BARNAUD
Spearfish, South Dakota                   Attorney for defendant and
                                             appellant.

* * * *

CONSIDERED ON BRIEFS ON
APRIL 25, 2016

OPINION FILED **05/11/16**

#27593

SEVERSON, Justice

[¶1.] Jay Ainsworth appeals his sentence for simple assault. He contends that the sentencing court erred by failing to grant him credit for time served. He also asserts that his two-year sentence violates the Eighth Amendment to the United States Constitution. We remand for correction of the sentence.

## Background

[¶2.] In the early morning hours of July 1, 2015, law enforcement responded to a report of a domestic incident at an apartment. Inside the apartment, law enforcement encountered a man, later identified as Ainsworth, and the victim. Ainsworth and the victim were on the floor; Ainsworth was holding a cloth to the victim's face, which was bleeding. The victim told the responding officer that Ainsworth had hit and choked her. Ainsworth initially admitted to law enforcement that he had hit the victim, but he later recanted and stated that the victim fell and her sharp tooth cut her face. An officer arrested Ainsworth and transported him to jail.

[¶3.] On July 1, 2015, a complaint was filed charging Ainsworth with aggravated assault—domestic violence, and the circuit court set bond at $10,000 cash or surety. On July 2, Ainsworth made his initial appearance. At that time, Ainsworth submitted an application for court-appointed counsel. The court found Ainsworth to be indigent and appointed counsel to represent him. On July 13, a grand jury indicted Ainsworth of aggravated assault. The State filed a part II habitual offender information alleging that Ainsworth had two prior felonies from other states. On August 18, 2015, the State filed an information charging

-1-

Ainsworth with simple assault—domestic violence and a part II information alleging two prior domestic assaults. A change of plea hearing was held on August 19, 2015, at which time Ainsworth pleaded guilty to simple assault and admitted to the convictions in the part II information. The State dismissed the aggravated assault indictment and the initial habitual offender information.

[¶4.] The circuit court held a sentencing hearing on September 2, 2015. The court sentenced Ainsworth to two years in the penitentiary with no credit for time served. On appeal, Ainsworth alleges that the court's failure to give credit for time served violates his right to equal protection under the Fourteenth Amendment of the United States Constitution. He also maintains that the sentence is grossly disproportionate to the crime and thus unconstitutional under the Eighth Amendment of the United States Constitution.

**Analysis**

[¶5.] "Unless there is some constitutional or statutory limitation, sentencing power is discretionary with the trial judge." *State v. Sorenson*, 2000 S.D. 127, ¶ 14, 617 N.W.2d 146, 149. Defendants in South Dakota do not have a statutory right to credit for time served. *Id.* However, we have recognized an exception for indigent defendants. "[W]here incarceration results from a defendant's financial inability and failure to post bond . . . 'The Fourteenth Amendment equal protection clause requires that credit be given for all presentence custody [that] results from indigency.'" *Id.* ¶ 15 (quoting *State v. Green*, 524 N.W.2d 613, 614 (S.D. 1994)). "The appointment of counsel is sufficient to establish a defendant as indigent prior to sentencing, and such indigency dates from the time the court approves an

application for court-appointed counsel." *Green*, 524 N.W.2d at 614. "[T]he inability of [a] defendant to post bail while awaiting trial is also an indication of presentence indigency." *Id.*

[¶6.] There is no dispute in this case that Ainsworth is indigent. The court appointed counsel and specifically stated in the order that it was "satisfied that the Defendant is indigent and financially unable to obtain counsel." In addition, Ainsworth did not post bond. The State seems to contend that Ainsworth was *denied* bail and that he was kept in custody because he presented a danger to the community. But Ainsworth was not denied bail; the court set bail at $10,000 cash or surety. Ainsworth was not in custody for anything other than the incident on July 1, and there is no indication that he would have remained confined if he could have posted bond. *See Sorenson*, 2000 S.D. 127, ¶ 23, 617 N.W.2d at 151 (Defendant was not entitled to credit for time served where "his confinement was not attributable to his financial ability to post bond"). Accordingly, Ainsworth is entitled to credit for time served.

[¶7.] Despite the circuit court's error, the State asserts that Ainsworth has not preserved this issue for appeal. However, at sentencing Ainsworth raised the issue of credit for time served. He asked the court to grant him credit. Therefore, we address the issue.

*Eighth Amendment*

[¶8.] Ainsworth also contends that his sentence is grossly disproportionate to the crime of simple assault. He maintains that his struggles with depression and anger issues and his willingness to seek counseling, perform community service,

and take any other steps to address his behavior render the sentence unconstitutional. The arguments raised by Ainsworth are those considered under an abuse of discretion standard rather than under an Eighth Amendment challenge. *See State v. Rice*, 2016 S.D. 18, ¶¶ 23-28 877 N.W.2d 75, 83-85. In contrast, to determine whether a sentence violates the Eighth Amendment, we must answer a threshold question of whether a sentence appears grossly disproportionate. *Id.* ¶ 17, 877 N.W.2d at 81. To answer that question, we "compare the gravity of the offense—i.e., 'the offense's relative position on the spectrum of all criminality'—to the harshness of the penalty—i.e., 'the penalty's relative position on the spectrum of all permitted punishments.'" *Id.* ¶ 13, 877 N.W.2d at 80 (quoting *State v. Chipps*, 2016 S.D. 8, ¶¶ 35-38, 874 N.W.2d 475, 487-89).

[¶9.] First, we consider the gravity of the offense. Simple assault encompasses attempts to cause bodily injury and actually causing bodily injury. *See* SDCL 22-18-1. It is on the lower end of the criminality spectrum. However, in this case, the crime is aggravated by Ainsworth's past convictions. *See Rice*, 2016 S.D. 18, ¶ 18, 877 N.W.2d at 81. And Ainsworth did inflict injury on the victim. The harshness of the penalty authorized by the Legislature reflects its position on the lower end of the criminality spectrum. Simple Assault is a Class 1 misdemeanor punishable by one year imprisonment and a $2,000 fine. SDCL 22-6-2. As in this case, after the third offense, simple assault becomes a Class 6 felony punishable by two years imprisonment and a $4,000 fine. SDCL 22-6-1. These punishments are on the low end of the spectrum of all permitted punishments. A threshold

comparison of the gravity of the offense and harshness of the penalty does not demonstrate an appearance of gross disproportionality, and thus our review ends. *See State v. Coleman*, 2015 S.D. 48, ¶ 11, 865 N.W.2d 848, 851.

[¶10.]     Finally, we consider whether the court abused its discretion by sentencing Ainsworth to the maximum sentence. "Within constitutional and statutory limits, the trial courts of this state exercise broad discretion when deciding the extent and kind of punishment to be imposed." *Rice*, 2016 S.D. 18, ¶ 23, 877 N.W.2d at 83. "[A] sentence within the statutory maximum [generally] will not be disturbed on appeal." *Id.* The sentencing court considered each of the things that Ainsworth brings to the attention of this Court. Although Ainsworth told the court that he would take steps to address his behavioral issues, the court did not find him to be credible. It stated at sentencing:

> Despite what I'm hearing, you did create a victim by your actions on July 1 of this year. I have seen no remorse. From your criminal record, you have been creating victims since 1991. I believe that you will continue to create victims and that you are a danger to others.

Ainsworth's arguments to this Court are no different than what he presented to the sentencing court, which gave them full consideration. Accordingly, we do not find that the court abused its discretion by sentencing Ainsworth to the maximum penalty.

[¶11.]     Remanded for correction of Ainsworth's sentence to give credit for time served.

[¶12.]     GILBERTSON, Chief Justice, and ZINTER, WILBUR, and KERN, Justices, concur.